UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

MEDICINE SHOPPE INTERNATIONAL, INC.,

        Plaintiff,

    -against-

APOSTOLOS MITSOPOULOS and EFROSINI
MITSOPOULOS,

        Defendants.

- - - - - - - - - - - - - - - - - - X

ORDER

CV 2004-5207 (ERK)(MDG)

GO, United States Magistrate Judge:

    Plaintiff Medicine Shoppe International, Inc. ("MSI") brings this diversity action to enforce a guaranty executed by defendants Apostolos Mitsopoulos and Efrosini Mitsopoulos ("defendants" or "Mitsopouloses"). Defendants move to compel discovery concerning plaintiff's failure to produce an April 15, 1996 prospectus called a Uniform Franchise Offering Circular ("4/15/96 UFOC"). Ct. docs. 32, 33, 34.

    Defendants claim that George Mitsopoulos relied on MSI advertisements regarding the income potential of MSI franchises which stated that the support underlying its claims were contained in the 4/15/96 UFOC. Defendants sought production of the 4/15/96 UFOC in January 17, 2005 document requests served prior to both the initial conference and the parties' Rule 26(f) conference. After initially arguing that defendants' discovery requests were premature, plaintiff subsequently responded that it was not in possession of the 4/15/96 UFOC. See Decl. of Richard

Pu dated April 12, 2005 ("4/12/05 Pu Decl.") (ct. doc. 33), Exhs. F, G. Defendants contend that because plaintiff did not initially respond that it was not in possession of the document, the plaintiff must have intentionally destroyed or concealed the offering document between the time of plaintiff's initial response and its formal response. Defendants seek, as a sanction for plaintiff's alleged spoliation of evidence, an order precluding plaintiff from contending that the 4/15/96 UFOC would have substantiated MSI's earnings claims.

DISCUSSION

Under Fed. R. Civ. P. 37(b), the court may impose sanctions for spoliation of evidence in violation of a court order. See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999); John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988). "Even without a discovery order, a district court may impose sanctions for spoliation, exercising its inherent power to control litigation." West, 167 F.3d at 779; see Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 106-07 (2d Cir. 2002).

A party seeking a sanction for spoliation of evidence must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind;' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."

-2-

Residential Funding, 306 F.3d at 107; see Fujitsu Ltd. v. Federal Exp. Corp., 247 F.3d 423, 436 (2d Cir. 2001).

As to the first criteria, "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Fujitsu, 247 F.3d at 436; see Kronisch v. United States, 150 F.3d 112, 127 (2d Cir. 1998). Here, there is no evidence that plaintiff had an obligation to preserve the 4/15/96 UFOC at the time it was lost. More critically, there is no evidence that plaintiff was in possession of the document when an obligation to preserve it arose. Defendants argue that the plaintiff must have been in possession of the 4/15/96 UFOC when Kirill Abramov, plaintiff's counsel, responded to various facsimiles from defendants' counsel in a February 2, 2005 letter. See Letter to Richard Pu from Kirill Abramov (attached as Exh. F to 4/12/05 Pu Decl.). Mr. Abramov merely pointed out that plaintiff was not required to produce the UFOC under 16 C.F.R. § 436.1(c)(2), a regulation which applies to prospective franchises, and that proper document requests must comply with the Federal Rules of Civil Procedure. See id. Plaintiff's later formal response to defendants' prematurely served document requests that it was not in possession of the document is not inconsistent with its February 2, 2005 letter.

Defendants also argue that the facts set forth in the declaration of Jannie Whittington ("Whittington Aff.") filed by

defendants (ct. doc. 45) support their contention that plaintiff concealed or destroyed the 4/15/96 UFOC.  See Defs.' Supplemental Br. (ct. doc. 46).  Ms. Whittington describes in her affidavit the efforts made to locate the 4/15/96 UFOC and attaches a copy of plaintiff's document retention policy revised in September 2002 and an offering circular effective October 1, 1996. Whittington Decl. at ¶¶ 4-17.  From review of the submissions, this Court finds that plaintiff made a reasonable effort to locate the 4/15/96 UFOC.

Defendants also make much of the fact that plaintiff was able to produce the offering circular used before the 4/15/96 UFOC, as well as one dated six months later.  While plaintiff's failure to produce the correct circular raises some concern, the October 1, 1996 offering circular, in fact, contains information regarding the profits of new pharmacies which appear to be similar to alleged false representations underlying defendants' counterclaims.  Compare Whittington Decl., Exh. 2 at 19-8 with Answer and Counterclaims at ¶ 15a.  Thus, on this record, I find that plaintiff was not on notice of a need to preserve the 4/15/96 UFOC before it was lost or destroyed.

In addition, defendants argue that it is inconceivable that MSI failed to maintain the 4/15/96 UFOC because MSI was required to do so by federal regulation, the Franchise Rule, 16 C.F.R. § 431.1 et. seq.  The Franchise Rule requires franchisors to maintain records substantiating its earnings claims without setting a time limit as to when the Federal Trade Commission

("FTC") may request the documents. However, the Franchise Rule provides only that a franchisor must make the documents available to the FTC upon demand, but does not require a franchisor to maintain such records in perpetuity. See 16 C.F.R. § 436.1(c)(2). In fact, rule enforcement actions brought under section 19 of the FTC Act are subject to a three-year statute of limitations, see 15 U.S.C. § 57b, and several other FTC rules impose a three-year recordkeeping requirement. See, e.g., Wool Labeling Rule, 16 C.F.R. § 300.31(c); Fur Labeling Rule, 16 C.F.R. § 301.41(b); Textile Labeling Rule, 16 C.F.R. § 303.39(c); Alternative Fuel Labeling Rule, 16 C.F.R. § 303.23; R-Value Rule, 16 C.F.R. § 460.9. The Franchise Rule specifies no minimum for keeping records. Thus, this Court finds that the plaintiff was not required by the Franchise Rule to maintain the 4/15/96 UFOC until January 2005, when defendants first requested its production.

Even if plaintiff had a statutory duty to preserve the document through January 2005, there is no evidence that plaintiff deliberately failed to segregate and preserve the 4/15/96 UFOC in order to thwart suit by defendants. As other courts have noted, deliberate misconduct is more likely to have occurred immediately after commencement of suit or after a party requests an inspection. See Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 76 (S.D.N.Y. 1991). There is no evidence as to when the 4/15/96 UFOC was last in plaintiff's possession. I

cannot find from the record presented that plaintiff acted in bad faith or intentionally breached a duty to preserve evidence.

In the absence of a showing of bad faith, defendants must demonstrate the relevance of the evidence they seek. See Residential Funding, 306 F.3d at 109; Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003). "Where a party destroys evidence in bad faith, that bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party." Residential Funding, 306 F.3d at 109. However, "where the destruction was merely negligent . . . it cannot be inferred from the conduct of the spoliator that the evidence would even have been harmful to him." Zubulake, 220 F.R.D. at 221 (quoting Turner, 142 F.R.D. at 77).

The party claiming spoliation must demonstrate that the destroyed evidence would have supported its claims. See Residential Funding, 306 F.3d at 107-09; Byrnie v. Town of Cromwell, 243 F.3d 93, 108-10 (2d Cir. 2001); Zubulake, 220 F.R.D. at 220-01. Although whether the destroyed evidence was unfavorable to the culpable party is ultimately an issue of fact for the jury to determine, the court must insure that the party claiming spoliation has adduced enough evidence of the contents of the missing information that a reasonable jury could find in its favor. Residential Funding, 306 F.3d at 109 n.4.

There is no evidence that the 4/15/96 UFOC would necessarily have yielded information favorable to defendant. On the

contrary, under the facts submitted, it is equally likely that the 4/15/96 UFOC would support plaintiff's position, rather than undermining it.  Defendant has offered no evidence to demonstrate that the 4/15/96 UFOC would have shown that plaintiff's earnings claims were false.  Thus, no sanction against plaintiff is warranted at this juncture.  See Zubulake, 220 F.R.D. at 221 (plaintiff failed to demonstrate that relevant information was lost because there was no reason to believe that "peculiarly unfavorable evidence resides solely on that missing tape"); John Street Leasehold v. Capital Mgmt. Resources, 154 F. Supp.2d 527, 541 (S.D.N.Y. 2001) ("plaintiff's unsupported speculation that certain discarded documents might contain evidence supporting the plaintiff's allegations is insufficient"), aff'd, 283 F.3d 73 (2d Cir. 2002); Turner, 142 F.R.D. at 77 ("Where, as here, there is no extrinsic evidence whatever tending to show that the destroyed evidence would have been unfavorable to the spoliator, no adverse inference is appropriate").

Defendants also initially requested an order requiring a further affidavit from plaintiff regarding its efforts to locate the 4/15/96 UFOC and production of MSI's document retention policy.  The Declaration of Jannie Whittington suffices to detail the efforts by plaintiff to locate the subject document.  Likewise, defendants' request for the documents underlying the 4/15/96 UFOC appears to be moot because the documents may have already been produced.

However, defendant is unable to inspect the subject document, notwithstanding plaintiff's claimed good faith efforts to locate it.  Thus, plaintiff is precluded from using the 4/15/96 UFOC or any information derived from the document, to the extent such information has not otherwise been produced.

## CONCLUSION

For the foregoing reasons, I deny, in large part, defendants' motion to compel.  Denial is without prejudice to renewal of defendants' request for sanctions should defendants have a <u>good</u> <u>faith</u> and <u>reasonable</u> basis for believing that there has been spoliation of evidence.

**SO ORDERED.**

Dated:    Brooklyn, New York
          December 28, 2005

                                      /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE